UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HENRY HUNTER, ET AL                         CIVIL ACTION NO. 21-cv-1137

VERSUS                                      JUDGE DONALD E. WALTER

RODNEY CHRISTIAN, ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Henry and Sheila Hunter ("Plaintiffs"), who are self-represented, filed this civil

rights action against the City of Mansfield Police Department and Officer Rodney

Christian.  They filed the complaint on a form provided by the court and identified the basis

for a claim under 42 U.S.C. § 1983 as "was arrested for no reason."  For the reasons that

follow, it is recommended that the complaint be dismissed because it is untimely.

### IFP Review

Plaintiffs filed this action in forma pauperis ("IFP").  A district court is required to

screen a civil action filed IFP and may summarily dismiss that action if it concludes, for

example, that the action "is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  If "'it

is clear from the face of a complaint ... that the claims asserted are barred by the applicable

statute of limitations, those claims are properly dismissed' as frivolous."  Wilson v. U.S.

Penitentiary Leavenworth, 450 Fed. Appx. 397, 399 (5th Cir. 2011) (per curiam) (quoting

Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993)).  "Section 1915(e)(2)(B) requires

dismissal of frivolous IFP actions even if those actions are brought by non-

prisoner plaintiffs."   James v. Richardson, 344 Fed. Appx. 982, 983 (5th Cir. 2009).

Limitations is an affirmative defense, which usually must be raised by the defendants, but

the Fifth Circuit has held that the district court may raise the defense on its own in an action

proceeding under Section 1915.  Gartrell, 981 F.2d at 256; James, 344 Fed. Appx. at 983

(affirming *sua sponte* dismissal of non-prisoner IFP suit based on limitations).

There is no federal statute of limitations for actions brought pursuant to Section

1983, so federal courts borrow the forum state's general personal injury limitations period.

In Louisiana, that is the one-year prescription period of La. Civ. Code art. 3492.  Bargher

v. White, 928 F.3d 439, 444-45 (5th Cir. 2019).  Federal law then governs the accrual date

that starts the time running, and a Section 1983 claim accrues when a plaintiff knows or

has reason to know of the injury that is the basis of the action.  Lavellee v. Listi, 611 F.2d

1129, 1130-31 (5th Cir. 1980).  For false arrest and false imprisonment claims, the

limitations period accrues when the plaintiff becomes held pursuant to legal process, for

example when he is bound over by a magistrate or arraigned on charges.  Wallace v. Kato,

127 S.Ct. 1091 (2007).  The claim does not extend past the time the plaintiff was formally

charged with a crime.  Bradley v. Sheriff's Department, 958 F.3d 387 (5th Cir. 2020).

Plaintiffs allege in their complaint that on July 31, 2018 they had a disagreement,

which led to Mr. Hunter calling the police.  Plaintiffs allege that Officer Rodney Christian

was dispatched to their home.  Christian arrested Mr. Hunter and, when Mrs. Hunter and

their children came outside, Christian allegedly used a taser on Mrs. Hunter and slammed

her to the ground.  Plaintiffs pray for $300,000 because they were embarrassed by the

incident being in the public records of the jail, and Mr. Hunter allegedly lost his job after

he stayed in jail for four and a half months without bail.

The complaint is untimely on its face.  Plaintiffs allege that the events took place on

July 31, 2018, and thy did not file this civil action until April 27, 2021, more than two years

and nine months after the incident.  Mr. Hunter would have been taken before the court to

face legal process soon after his arrest, and he states that he was eventually released.  If he

was released on bond, a bond hearing on a charge constitutes legal process under Wallace

to commence the limitations period.  Reed v. Edwards, 487 Fed. Appx. 904, 906 (5th Cir.

2012).  Any claim for excessive force by either plaintiff is plainly untimely, as that claim

would have accrued on the date of the incident.  There are no apparent exceptions or

grounds for tolling of the limitations period, so the complaint should be dismissed with

prejudice as untimely.

Accordingly,

It is recommended that Plaintiffs' complaint be dismissed with prejudice because it

is untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of May, 2021.

Mark L. Hornsby
U.S. Magistrate Judge